Victor E. Bullen et al., exrs., &c., appellants,

v.

Frank W. Brindle, respondent.

[Decided March 3d, 1924.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Church, who filed the following opinion:

"This is a case for specific performance. It appears that a lease was entered into between Frank W. Brindle and Jane Freeman in her lifetime, which contained a clause giving the lessee the privilege of purchasing the property in question, the Hamilton Hotel at Paterson, under certain conditions, for $40,000.

"The conditions with which the lessee should comply are fully set forth in the lease itself. Unfortunately, those who would be best qualified to testify in this case are either dead or without the jurisdiction of the court. The main feature of the lease and the most important question to be decided is whether or not the complainant complied with that provision in the lease which required him to give notice that he would exercise his option to purchase the property on or before October, 1919.

"On this point the evidence is contradictory. The complainant testifies that he prepared a notice in accordance with the terms of the lease, showed it to his assistant at the hotel, and asked him to serve it. This assistant swears that he did serve it on the lessor and is corroborated by two witnesses. There is also testimony to snow that the lessee, believing he had complied with the terms of the lease, spent a large sum of money on the improvement of the hotel and entered into a contract to advertise his ownership of it for five years.

"The defendants, executors of the estate of the lessor, testify that the notice could not have been served. The reason given is that Mrs. Freeman, the lessor, was too ill to receive the notice claimed to have been served upon her. One of the executors, her physician, swears that in July, when the notice was supposed to have been served, she was too ill to go downstairs into the hallway and receive the notice. He says he visited her every day in that month and she could not go downstairs. He admits that in the month before she could have done so, and in the month thereafter she did do so. He says he only saw her for fifteen or twenty minutes each day. His opinion is that it would have been impossible for her to descend the stairs during July. In the face of the direct evidence of two persons that they saw her receive the notice I am constrained to decide that the doctor is mistaken and that the notice was properly given under the terms of the lease, because in his absence she might have descended the stairs to receive it.

"It is also contended that the rent was not paid according to the lease. While it was not paid on the first of every month it was paid within the month, and the lessor held, and still holds, $500 to make good any possible deficiency. I think the lease was fully complied with in this respect.

"A further claim is made by defendants that improvements were made to the property without the lessor's consent. These improvements were acquiesced in by the lessor or her agent; were for the benefit of the property, and in view of the fact that the lessee spent a large sum of money on these improvements, apparently with the acquiescence of the lessor, I do not think that is a breach of the contract of lease.

"I will advise a decree directing the specific performance prayed for in the bill."

*Mr. Frank Smit,* for the appellants.

*Messrs. Ward & McGinnis,* for the respondent.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons stated in the opinion filed in the court below by Vice-Chancellor Church.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, HEPPENHEIMER, GARDNER, VAN BUSKIRK, CLARK—11.

*For reversal*—None.